UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE ROE, individually and on behalf of her minor child, JENNIFER ROE, JANE DOE, and JESSE DOE | * * * | A CIVIL ACTION |
| versus | * * | |
| | * | No. _____ |
| EAST BATON ROUGE PARISH SCHOOL BOARD; SITO NARCISSE, MARK BELLUE, DADRIUS LANUS, and MICHAEL GAUDET, in their official and personal capacities; TRAMELLE HOWARD, DAWN COLLINS, EVELYN WARE-JACKSON, JILL DYASON, CONNIE BERNARD, and DAVID TATMAN, in their personal capacities; CARLA POWELL, SHASHONNIE STEWARD, CLIFF LEWIS, NATHAN RUST, KATIE KENNISON, and PATRICK MARTIN, in their official capacities; 29 11 ACADEMY; and TREMAINE STERLING | * * * * * * * * * * * * * * * * | JUDGE _____  MAGISTRATE _____ |

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, JANE ROE, individually and on behalf of her minor child, JENNIFER ROE; JANE DOE; and JESSE DOE, (collectively, "Plaintiffs") appearing under pseudonyms, who respectfully aver as follows:

INTRODUCTION

1.

The defendants' actions here shock the conscience. Not only did the defendants send public school students to a harmful and traumatizing church service on a school-sponsored field trip on school time, they lied about it in order to coerce parents and students into attending. The effects of the defendants' damage to these plaintiffs and to the students entrusted to their care are far reaching

and long lasting, and all defendants should be held responsible for the harm they caused and be legally prohibited from doing it again.

PARTIES

2.

Plaintiff, JANE ROE, is a person of full age of majority and resident of the Parish of East Baton Rouge, State of Louisiana. JANE ROE is appearing herein under a pseudonym to protect her identity due to harassment, intimidation, and the threat of retaliation from the defendants herein. JANE ROE is also proceeding under a pseudonym to protect herself from other members of the community, whom some of the defendants herein have encouraged to threaten and intimidate her in conjunction with this litigation and the facts alleged herein. JANE ROE is the parent of plaintiff JENNIFER ROE.

3.

Plaintiff, JENNIFER ROE, is a minor under the age of eighteen appearing by and through her mother, JANE ROE, and resident of the Parish of East Baton Rouge, State of Louisiana. JENNIFER ROE is appearing herein under a pseudonym to protect her identity due to harassment, intimidation, and the threat of retaliation from the defendants herein and because JENNIFER ROE is a minor. JENNIFER ROE is also proceeding under a pseudonym to protect herself from other members of the community, whom some of the defendants herein have encouraged to threaten and intimidate her in conjunction with this litigation and the facts alleged herein.

4.

Plaintiff, JANE DOE, is a person of full age of majority and resident of the Parish of East Baton Rouge, State of Louisiana. JANE DOE is appearing herein under a pseudonym to protect her identity due to harassment, intimidation, and the threat of retaliation from the defendants

herein. JANE DOE is also proceeding under a pseudonym to protect herself from other members of the community, whom some of the defendants herein have encouraged to threaten and intimidate her in conjunction with this litigation and the facts alleged herein. JANE DOE is the parent of plaintiff JESSE DOE. JANE DOE was also in attendance at the "Day of Hope" event forming the basis of this Complaint.

5.

Plaintiff, JESSE DOE, is a person of full age of majority and resident of the Parish of East Baton Rouge, State of Louisiana. JESSE DOE is appearing herein under a pseudonym to protect their identity due to harassment, intimidation, and the threat of retaliation from the defendants herein and because JESSE DOE was a minor at the time of the events alleged in this Complaint. JESSE DOE is also proceeding under a pseudonym to protect themselves from other members of the community, whom some of the defendants herein have encouraged to threaten and intimidate them in conjunction with this litigation and the facts alleged herein. JESSE DOE is the adult child of plaintiff JANE DOE.

6.

Made defendant herein is the EAST BATON ROUGE PARISH SCHOOL BOARD, ("EBRSB"), a body corporate with the capacity to sue and be sued, created by Article VIII, Section 9 of the Constitution of Louisiana and Louisiana Revised Statutes Title 17, section 51, and with its official domicile in the Parish of East Baton Rouge, State of Louisiana. EBRSB is responsible for the acts and omissions alleged herein and is a proper party against whom injunctive and declaratory relief may be enforced.

7.

Made defendant herein is SITO NARCISSE, ("NARCISSE") in his personal and official capacities, a person of full age of majority and, upon information and belief, a resident of the Parish of East Baton Rouge, State of Louisiana. NARCISSE is the Superintendent of Schools of East Baton Rouge Parish, an office created by Article VIII, Section 9 of the Constitution of Louisiana and Louisiana Revised Statutes Title 17, section 54, and is responsible for the acts and omissions alleged herein and is a proper party against whom injunctive and declaratory relief may be enforced.

8.

Made defendants herein are MARK BELLUE, ("BELLUE"), DADRIUS LANUS, ("LANUS"), and MICHAEL GAUDET, ("GAUDET") in their personal and official capacities, persons of full age of majority and residents of the Parish of East Baton Rouge, State of Louisiana. BELLUE, LANUS, and GAUDET are current members of EBRSB and were members of EBRSB at the time of the events alleged herein. LANUS is the current President of EBRSB. BELLUE, LANUS, and GAUDET are responsible for the acts and omissions alleged herein and are proper parties against whom injunctive and declaratory relief may be enforced.

9.

Made defendants herein are TRAMELLE HOWARD, ("HOWARD"), DAWN COLLINS, ("COLLINS"), EVELYN WARE-JACKSON, ("WARE-JACKSON"), JILL DYASON, ("DYASON"), CONNIE BERNARD, ("BERNARD"), and DAVID TATMAN, ("TATMAN") in their personal capacities only, persons of full age of majority and residents of the Parish of East Baton Rouge, State of Louisiana. HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN were members of EBRSB at the time of the events alleged herein and

have all since retired, resigned, or lost reelection. HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN are responsible for the acts and omissions alleged herein.

10.

Made defendants herein are CARLA POWELL, ("POWELL"), SHASHONNIE STEWARD, ("STEWARD"), CLIFF LEWIS, ("LEWIS"), NATHAN RUST, ("RUST"), KATIE KENNISON, ("KENNISON"), and PATRICK MARTIN, ("MARTIN"), in their official capacities only, persons of full age of majority and residents of the Parish of East Baton Rouge, State of Louisiana. POWELL, STEWARD, LEWIS, RUST, KENNISON, and MARTIN are current members of EBRSB but were not members at the time of the events alleged herein. POWELL, STEWARD, LEWIS, RUST, KENNISON, and MARTIN are proper parties against whom injunctive and declaratory relief may be enforced.

11.

Made defendant herein is 29 11 ACADEMY, ("29:11"), a non-profit corporation organized under the laws of the State of Louisiana and domiciled at 6555 Merrydale Avenue, Parish of Baton Rouge, State of Louisiana. 29:11 is responsible for the acts and omissions alleged herein.

12.

Made defendant herein is TREMAINE STERLING, ("STERLING"), a person of full age of majority and, upon information and belief, a resident of the Parish of East Baton Rouge, State of Louisiana. STERLING is the registered agent and president of 29:11 and is responsible for the acts and omissions alleged herein.

JURISDICTION

13.

This Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. §1331 because the primary and predominant claims alleged herein arise under the constitution and laws of the United States.

14.

This Court further has supplemental subject matter jurisdiction over this suit pursuant to 28 U.S.C. §1367 because those claims not arising under the original jurisdiction of this Court nevertheless are based exclusively on the same case or controversy as those that do.

15.

This Court has personal jurisdiction over all defendants as all are domiciled within the State of Louisiana or because defendants' acts or omissions giving rise to the claims alleged herein occurred within the State of Louisiana, making them subject to the jurisdiction of this Court.

VENUE

16.

Venue is proper within this district pursuant to 28 U.S.C. §1391(b)(1) and (2) because at least one defendant resides within the territorial limits of this judicial district and because all of the events giving rise to the claims asserted herein occurred within this judicial district.

FACTS

17.

For several years going back to at least 2016, NARCISSE, 29:11, and STERLING were engaged in a conspiracy to expose public school children to overtly sectarian and religious experiences directly through the East Baton Rouge School System and EBRSB, often without the knowledge or permission of the students' parents or guardians.

6

18.

In furtherance of this conspiracy, NARCISSE and STERLING developed a program called "Day of Hope", whereby public school students of the East Baton Rouge School System would be sent to a religious service during school time, chaperoned by EBRSB employees.

19.

NARCISSE and STERLING concealed the true nature of the "Day of Hope" event from parents and students, using generic themes like "hope", "trauma", "growth", "help", "the power of choices", "truth", etc. to mask what would be overtly religious and sectarian programming. In fact, in a promotional video for the 2022 "Day of Hope" event, NARCISSE and STERLING give very few details of the event, saying instead that it is intended to help students "to grow; to get better."

20.

In actuality, "Day of Hope" speakers were almost exclusively pastors or other religious speakers who describe their participation in the public school event as "worship[]" and "minister[ing] to over 1000 kids", including hashtags on social media posts describing the event like "#GodGetsTheGlory". *See* Exh. 1, November 9, 2018 Facebook post by Jeremy Duncan.

21.

The religious nature of these events is unmistakable. In a December 13, 2020 video posted to his Facebook page, STERLING shows 2020 "Day of Hope" events held at three public high schools within the East Baton Rouge School system: Istrouma High School, Glen Oaks High School, and Capital High School. In this video, students can be seen engaged in overt acts of Christian prayer, including standing with heads bowed and hands outstretched and being "prayed over" where the event's facilitators outstretch their hands or touch students bowed before them. Speakers also convey overt Christian themes, including telling the public school students assembled that "I want you to know that God is going to send reminders to you", "give us permission to see your secrets today, oh God!", and "God will speak straight through people like us".

22.

NARCISSE and 29:11, through STERLING, executed contracts for public funds to be paid from the EBRSB to 29:11 for the execution of these "Day of Hope" religious events. These payments were made with the knowledge and acquiescence of the EBRSB and BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN. *See* Exh. 2, Memorandum of Understanding.

23.

In the 2022-2023 school year, JENNIFER ROE and JESSE DOE were enrolled as seniors in schools under the supervision, control, and direction of EBRSB. Both were minors at the time of the events alleged herein. Both attended the 2022 'Day of Hope" event sponsored and presented by EBRSB and 29:11.

24.

In the summer before that year, NARCISSE and STERLING again conspired to plan the "Day of Hope" event. On July 22, 2022, NARCISSE, on behalf of EBRSB, and STERLING, on behalf of 29:11, executed a "Memorandum of Understanding", describing the "Day of Hope" event as a "student conference and college fair" where "teens will get an opportunity to receive collegiate and trade school exposures to help reach their full potential in life." The agreement provided for EBRSB to pay 29:11 $9,800.00 in public funds. Exh. 2. Upon information and belief, this contract and payment were made with the knowledge and acquiescence of the EBRSB and BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN.

25.

NARCISSE, STERLING, 29:11, and EBRSB advertised the 2022 event to parents and students as a "College and Career Fair", providing "a college and career fair, breakout sessions, live music, a keynote speaker, free food, and more." None of the promotional materials or advertisements for the

event provided any obvious religious connection. Exh. 3, Advertising materials for 2022 "Day of Hope" event.[1] STERLING likewise appeared on WAFB on September 16, 2022 to advertise the event, never once mentioning any religious aspect except that it would be held at a church. However, STERLING did falsely assure the public, on live television, that "we're going to have college fairs, career days, workforce people; young people will have an opportunity literally to get hired on the spot." https://www.wafb.com/2022/09/16/ebrpss-day-hope-offer-college-career-fair-live-music-free-food-more/

26.

However, while not immediately evident from the promotional materials pushed out by EBRSB, 29:11, STERLING, and NARCISSE, nearly every single advertised speaker and presenter for the 2022 "Day of Hope" event, other than NARCISSE himself, was a pastor or some other religious figure. Exh. 3.

27.

The permission form provided to parents and guardians likewise falsely described the "Day of Hope" event. Parents and guardians were asked to give permission for students to attend an event with "free food", a "college fair", "fun & games", and "a special guest". The presenters and speakers were not listed on the permission form, nor was any hint of any religious activity, planned or unplanned. Exh. 4, "Day of Hope" permission form.

28.

The event's "logistical schedule & duties" likewise identified no religious aspects of the program, although it did list nondescript "gender talks" for boys and girls. It is unclear who received this "logistical schedule & duties" document, but neither JANE ROE nor JANE DOE received any such document in advance of the event.

---

[1] The attached document has the incorrect address for the location of the event. This document was provided by EBRSB through a public records request.

29.

STERLING implicated EBRSB, NARCISSE, BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN in this fraudulent scheme in a September 21, 2022 email, stating that he and a member of the EBRSB administration "met with each principal to review [what the event would include] prior to the event." Exh. 5, September 21, 2022 email from STERLING to Audrey Wascome. This statement would turn out to be false as the principal of Woodlawn High School knew nothing of the event in advance.

30.

When students, parents, and other volunteers arrived for the "Day of Hope" event on September 20, 2022, it very quickly became evident to them that the event was nothing like what had been advertised. The event immediately took the form of a Christian church service, with speakers and presenters praying and making repeated, overt appeals to Jesus and God. STERLING, 29:11, NARCISSE, and EBRSB exposed JENNIFER ROE and JESSE DOE, as well as several other students, to overt Christian presentations involving prayer and proselytizing, compelling their participation against their wishes and without their consent.

31.

While NARCISSE, STERLING, EBRSB, and 29:11 advertised the "Day of Hope" event as a college and career fair, there were almost no colleges or trades present for the event. There was no "opportunity literally to get hired on the spot" as STERLING had falsely told the public on live television.

32.

Later that morning, students were segregated by gender. STERLING, 29:11, and other presenters and facilitators of the event acted with hostility toward transgender and gender non-binary students, including JESSE DOE, forcing them into either the male or female segregated

gender group based on their outward appearance and without their consent. This caused these students, including JESSE DOE, severe mental anguish and distress because they were essentially bullied by adults under the direction of STERLING, NARCISSE, and 29:11. Neither JANE ROE not JANE DOE were advised that any of these events would take place at the "Day of Hope", nor would either have consented to exposing their children to such segregation and abuse. JANE DOE was also in attendance and witnessed these events, causing her severe mental anguish.

33.

These "gender talks" were likewise traumatizing and vastly disparate between the male and female groups. While the boys competed in physical activity contests for prize money, girls were graphically lectured by pastors and other religious figures about virginity, rape, abuse, and suicide and were even told to "forgive" their rapists and abusers. Both JENNIFER ROE and JESSE DOE were exposed to these graphic lectures. Neither JANE ROE not JANE DOE were advised that any of these events would take place at the "Day of Hope", nor would either have consented to exposing their children to such instruction.

34.

Intimidation and harassment of LGBTQ+ students at this church event were likewise rampant. Under the supervision of 29:11, STERLING, and the adult volunteers present, students were allowed (and in some circumstances, encouraged) to harass LGBTQ+ student attendees, throwing water on them and taunting them. No representative of EBRSB or 29:11 intervened or did anything to stop or prevent this harassment.

35.

STERLING and 29:11, through the "Day of Hope" adult presenters and facilitators, even denied essential services to student attendees. On information and belief, one student repeatedly

asked to go to the bathroom but was denied by an adult working the event under STERLING's and 29:11's direction. That adult told the student to urinate in a bottle on the side of the building rather than allow the student access to the restroom.

36.

Likewise, STERLING and 29:11 refused students access to lunch unless the students completed a voter registration card. Both JENNIFER ROE and JESSE DOE were prevented from eating lunch unless they completed these cards. EBRSB did not provide bag lunches as required by federal law.

37.

29:11 and STERLING left attendees outside in excessive heat while these "gender talks" were taking place. 29:11 and STERLING failed to provide adequate hydration to attendees.

38.

Finally, the event ended with an "altar call", a common practice in evangelical Christian churches where participants are invited to the front of a church hall to declare their faith and devotion to Jesus Christ. JENNIFER ROE, who is Christian, and JESSE DOE, who does not consider themselves religious, were required to participate in this religious service against their will. Neither JANE ROE not JANE DOE were advised that any of these events would take place at the "Day of Hope", nor would either have consented to exposing their children to such an overtly sectarian event.

39.

There was poor cell phone service at the "Day of Hope" event, so students could not contact their parents or guardians to seek help or relay their concerns.

40.

EBRSB, NARCISSE, STERLING, and 29:11 carried out all of the events described herein with the acquiescence and approval of BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN.

41.

While several students were traumatized by the "Day of Hope" event, including JENNIFER ROE and JESSE DOE, EBRSB provided no counseling or other social services to these students to assist them in processing the trauma that EBRSB, NARCISSE, STERLING, and 29:11 caused them through the "Day of Hope" event with the acquiescence and approval of BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN.

42.

JENNIFER ROE and JESSE DOE continue to experience severe mental anguish and distress as a result of this event directed and controlled by NARCISSE, STERLING, and 29:11 with the acquiescence and approval of EBRSB, NARCISSE, BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN.

43.

JANE ROE and JANE DOE experienced severe mental anguish and distress as a result of the offenses NARCISSE, STERLING, and 29:11 committed against them and their children through the "Day of Hope" event with the acquiescence and approval of EBRSB, NARCISSE, BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN. JANE ROE and JANE DOE continue to experience this severe mental anguish and distress.

COUNT 1

DEPRIVATION OF FIRST AMENDMENT RIGHT TO BE FREE FROM ESTABLISHMENT OF RELIGION
42 U.S.C. § 1983

44.

Plaintiffs reallege the averments of paragraphs 1 through 43 as if stated herein *in extenso*.

45.

Under the Establishment Clause of the First Amendment, "Congress shall make no law respecting an establishment of religion." U.S. Const. amend. I. Neutrality is the foundation of the Establishment Clause, prohibiting the government from endorsing or promoting a religion. *Bd. of Educ. of Kiryas Joel Village Sch. Dist. v. Grumet*, 512 U.S. 687 (1994) ("the heart of the Establishment Clause is that the government should not prefer one religion to another"); *Larson v. Valente*, 456 U.S. 228, 244 (1982) ("the clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another"). The foundation of neutrality underlies the principle that the government is prohibited from promoting a religious agenda to citizens of the United States. *See Gillette v. United States*, 401 U.S. 437, 450 (1971) (holding that the Establishment Clause prohibits the government from abandoning secular purposes to favor a religious one).

46.

EBRSB, NARCISSE, BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN exposed JENNIFER ROE and JESSE DOE to overt religious and sectarian activities through the "Day of Hope" event, compelling their participation without their consent. These defendants promoted a specific religious agenda to unwilling students within their care and control.

47.

The "Day of Hope" event was sponsored and presented by EBRSB and NARCISSE, and approved by BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN, all "persons" and state actors as those terms are understood under 42 U.S.C. § 1983.

48.

Through these actions, EBRSB, NARCISSE, BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN violated JENNIFER ROE's and JESSE DOE's First Amendment rights to be free from government establishment of religion under color of state law.

COUNT 2
DEPRIVATION OF FOURTEENTH AMENDMENT RIGHT TO DIRECT CARE, CUSTODY, AND CONTROL OF
CHILDREN
42 U.S.C. § 1983

49.

Plaintiffs reallege the averments of paragraphs 1 through 48 as if stated herein *in extenso*.

50.

Under the Fourteenth Amendment, a parent has a fundamental right to "make decisions regarding the care, custody, and control of their children." *See Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Meyer v. Nebraska*, 262 U.S. 390, 401 (1923); *Pierce v. Society of Sisters*, 268 U.S. 510, 534-35 (1925). Explicitly included therein is the absolute right of parents to make decisions about the religion of their children. *Edwards v. Aguillard*, 482 U.S. 578, 584 (1999).

51.

EBRSB and NARCISSE, with the consent and approval of BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN, first lied to

JANE ROE and JANE DOE about the nature of the "Day of Hope" event, concealing its overt religious nature. These Defendants then exposed JENNIFER ROE and JESSE DOE to overt religious and sectarian activities through the "Day of Hope" event, compelling their participation without their consent and without the knowledge or consent of JANE ROE or JANE DOE.

52.

EBRSB, and NARCISSE, with the consent and approval of BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN likewise concealed from JANE ROE and JANE DOE that the "Day of Hope" event would include graphic lectures by pastors and other religious figures about virginity, rape, abuse, and suicide. Without JANE ROE's or JANE DOE's knowledge or consent, these defendants then exposed JENNIFER ROE and JESSE DOE to these graphic lectures.

53.

Through these actions, EBRSB, NARCISSE, BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN violated JANE ROE's and JANE DOE's Fourteenth Amendment rights to direct the care, custody, and control of their children under color of state law.

COUNT 3
CONSPIRACY TO VIOLATE CIVIL RIGHTS
42 U.S.C. § 1983

54.

Plaintiffs reallege the averments of paragraphs 1 through 53 as if stated herein *in extenso*.

55.

The actions described herein resulted from an overt conspiracy between NARCISSE, EBRSB, STERLING, and 29:11. Through execution of the "Memorandum of Understanding"

(Exh. 2), EBRSB through NARCISSE and 29:11 through STERLING agreed to sponsor and present the "Day of Hope" event with the specific intent of exposing public school children to overt religious programming and proselytizing and inappropriate lectures on virginity, rape, abuse, and suicide without their consent or their parents' or guardians' consent.

56.

In furtherance of this conspiracy, STERLING and 29:11 agreed to provide this inappropriate programming while NARCISSE and EBRSB agreed to mislead and coerce students and parents into allowing these students to attend. This conspiracy led to JANE ROE and JANE DOE being misled into allowing JENNIFER ROE and JESSE DOE to attend the "Day of Hope" event where their constitutional rights were violated. This conspiracy proceeded with the consent and approval of BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN.

57.

As a result, not only are EBRSB, NARCISSE, BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN liable for violation of JANE ROE's, JANE DOE's, JENNIFER ROE's and JESSE DOE's constitutional rights, but so are STERLING and 29:11 because of their participation in this conspiracy.

COUNT 4
TITLE IX SEX DISCRIMINATION
20 U.S.C. §1681

58.

Plaintiffs reallege the averments of paragraphs 1 through 57 as if stated herein *in extenso*.

59.

Title IX provides that no person "shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX is "enforceable through an implied private right of action," and "monetary damages are available in the implied private action." Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 281, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998).

60.

EBRSB is the governing body of the East Baton Rouge Parish School System, which receives federal financial assistance. 20 U.S.C. §1681(a).

61.

EBRSB, and NARCISSE, with the consent and approval of BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN directed, permitted, and encouraged 29:11's and STERLING's direct and overt sex discrimination against public school students at the school-sponsored "Day of Hope" event. EBRSB, NARCISSE, BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN specifically directed, permitted, and encouraged separation of the public school students in attendance by gender, with male students engaging in frivolous recreational activities and female students being exposed to a "girls gender talk" including traumatizing lectures by pastors and other religious figures about virginity, rape, abuse, and suicide, even being told to "forgive" their rapists and abusers.

62.

EBRSB, and NARCISSE, with the consent and approval of BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN likewise directed, permitted, and encouraged 29:11's and STERLING's overt discrimination against transgender and gender non-conforming students by forcing them into either the male or female segregated gender groups based on their outward appearance and without their consent.

63.

EBRSB, and NARCISSE, with the consent and approval of BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN therefore directly and impermissibly discriminated against JENNIFER ROE, who is female, and JESSE ROE, who is transgender, on the basis of sex in violation of Title IX when they forced both of them into the "girls gender talk" session without their consent.

COUNT 5
VIOLATION OF LOUISIANA PARENTS' BILL OF RIGHTS
LA. REV. STAT. § 17:406.9

64.

Plaintiffs reallege the averments of paragraphs 1 through 63 as if stated herein *in extenso*.

65.

Louisiana has a strong public policy in favor of parental knowledge of information about their children in public schools. Therefore, the Louisiana Legislature, through Title 17, section 406.9 of the Louisiana Revised Statutes, provides a right to parents and guardians of public school children to "receive written notice and have the option to opt their child out of instruction on topics associated with sexual activity."

66.

EBRSB and NARCISSE, through STERLING and 29:11, and with the consent and approval of BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN, exposed JENNIFER ROE and JESSE DOE to explicit and graphic instruction "on topics associated with sexual activity" at the "Day of Hope" event.

67.

EBRSB and NARCISSE, with the consent and approval of BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN, concealed their intent to expose JENNIFER ROE and JESSE DOE to this instruction from JANE ROE and JANE DOE. Likewise, EBRSB and NARCISSE, with the consent and approval of BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN failed to notify JANE ROE and JANE DOE in writing of their intent to provide this instruction to JENNIFER ROE and JESSE DOE and failed to permit JANE ROE and JANE DOE to opt JENNIFER ROE and JESSE DOE out of such instruction.

68.

EBRSB, NARCISSE, BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN are therefore liable to JANE ROE and JANE DOE for violation of their parental rights under La. Rev. Stat. § 17:406.9.

COUNT 6
NEGLIGENCE
LA. CIV. CODE ART. 2315 & 2320

69.

Plaintiffs reallege the averments of paragraphs 1 through 68 as if stated herein *in extenso*.

70.

EBRSB owed a duty to JENNIFER ROE and JESSE DOE to reasonably supervise them and to prevent acts of harm, bullying, and harassment against them. A school board, through its agents and teachers, owes a duty of reasonable supervision over students.  La. C.C. art. 2320; *S.J. v. Lafayette Parish Sch. Bd.*, 09-2195 (La. 04/03/02), 813 So.2d 341; *Hood v .Ouachita Parish Sch. Bd.*, 45,285 (La. App. 2 Cir. 06/23/10), 41 So.3d 1253.

71.

29:11 and STERLING owed a duty to JENNIFER ROE and JESSE DOE to protect them from harm, bullying, and harassment while they were engaged in an activity presented and hosted by 29:11 and STERLING.

72.

EBRSB, 29:11, and STERLING failed to protect JENNIFER ROE and JESSE DOE from bullying, harassment, and harm brought on by other students and by volunteers and adults at the "Day of Hope" event under 29:11's and STERLING's direct control.

73.

EBRSB, 29:11, and STERLING failed to protect JENNIFER ROE and JESSE DOE from acts of volunteers and other adults at the "Day of Hope" event who barred JENNIFER ROE and JESSE DOE from access to lunch unless they completed a voter registration form and divulged their personally identifying information.

74.

As a result, EBRSB, 29:11, and STERLING are liable to JENNIFER ROE and JESSE DOE for negligence.

Count 7
Intentional Infliction of Emotional Distress
La. Civ. Code art. 2315

75.

Plaintiffs reallege the averments of paragraphs 1 through 74 as if stated herein *in extenso*.

76.

In order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. *Prest v. Louisiana Citizens Prop. Ins. Corp.*, 2012-0513, n. 5 (La. 12/4/12); 125 So.3d 1079, n. 5.

77.

STERLING and 29:11 purposefully and intentionally designed programming they knew or reasonably should have known would cause substantial distress to students who were forced to attend the "girls' gender talk" session, including JENNIFER ROE and JESSE DOE.  STERLING and 29:11 purposefully and intentionally designed programming they knew or reasonably should have known would cause substantial distress to LGBTQ+ students, including JESSE DOE, in attendance at the "Day of Hope" event. STERLING and 29:11 directed the gender- and sexual orientation-based harassment of LGBTQ+ students at the "Day of Hope" event, including JESSE DOE. STERLING and 29:11 directed the withholding of food from attendees of the event conditioned upon providing private personally identifying information, including JENNIFER ROE and JESSE DOE.

78.

STERLING's and 29:11's conduct, as described above, was extreme and outrageous and shocks the conscience of the community, as evidenced by the numerous media stories and parental protests stemming from the "Day of Hope" event.

79.

JENNIFER ROE's and JESSE DOE's mental anguish caused by STERLING and 29:11 is severe. Both are seeking professional counseling services and remain traumatized by the event. Further, EBRSB did not provide any social or other services to help affected students cope with the trauma caused by STERLING and 29:11.

COUNT 8
FRAUD
LA. CIV. CODE ART. 2315

80.

Plaintiffs reallege the averments of paragraphs 1 through 79 as if stated herein *in extenso*.

81.

To state a valid cause of action for fraud, a plaintiff must allege and prove (1) a misrepresentation, suppression, or omission of true information; (2) an intent to either obtain an unjust advantage or cause damage or inconvenience to the other party; and (3) the error induced by fraud must relate to a circumstance substantially influencing consent to the contract. *Taylor v. Dowling Gosslee & Assoc., Inc.*, 22 So.3d 246, 255 (La. Ct. App. 2 Cir. 2009) (citing *Shelton v. Standard/700 Assoc.*, 2001-0587 (La. 10/16/01), 798 So.2d 60. Fraud may be based on promises when there was no intention to perform as promised. *Sun Drilling Products Corp. v. Rayborn*, 2000-2939 (La. 1/25/02), 807 So.2d 840.

82.

EBRSB, NARCISSE, 29:11, and STERLING fraudulently induced JANE ROE and JANE DOE to allow JENNIFER ROE and JESSE DOE to attend the "Day of Hope" based on intentionally false representations that the event would be a "College and Career Fair", providing "a college and career fair, breakout sessions, live music, a keynote speaker, free food, and more," and based on STERLING's intentionally false statement on live, regional television that "young people will have an opportunity literally to get hired on the spot." EBRSB, NARCISSE, 29:11, and STERLING fraudulently induced JANE ROE and JANE DOE to allow JENNIFER ROE and JESSE DOE to attend the "Day of Hope" based on intentionally false representations that the event would be safe, welcoming, and compliant with state and federal law.

83.

EBRSB and NARCISSE engaged in this fraudulent misrepresentation upon information and belief for several reasons, including: 1) to falsely bolster EBRSB's reputation for career placement, community outreach, and community involvement; 2) to ensure contractually-agreed to attendance at the "Day of Hope" event to avoid scrutiny for misuse of funds; and 3) to falsely claim that EBRSB and NARCISSE are appropriately spending state and federal funds on college and career opportunities for students.

84.

29:11 and STERLING engaged in this fraudulent misrepresentation upon information and belief for financial gain; specifically, to maintain their relationship with EBRSB and NARCISSE and to continue receiving public funds at the expense of EBRSB and the taxpayers of East Baton Rouge Parish, including JANE ROE and JANE DOE. 29:11 and STERLING likewise engaged in this fraudulent misrepresentation to harm JANE ROE, JANE DOE, JENNIFER ROE, and JESSE DOE

by violating their constitutional rights as described herein any by advancing 29:11's and STERLING's personal and religious agendas.

85.

Had JANE ROE and JANE DOE known the truth about the "Day of Hope" event, i.e., if EBRSB, NARCISSE, 29:11, and STERLING had been truthful about the true nature of the event, neither JANE ROE nor JANE DOE would have permitted their children to attend. Had JENNIFER ROE and JESSE DOE known the truth about the "Day of Hope" event, i.e., if EBRSB, NARCISSE, 29:11, and STERLING had been truthful about the true nature of the event, neither JENNIFER ROE nor JESSE DOE would have attended.

REQUESTED RELIEF
DAMAGES

86.

Plaintiffs reallege the averments of paragraphs 1 through 85 as if stated herein *in extenso*.

87.

Because of the defendants' acts and omissions described herein, JANE ROE, JANE DOE, JANE ROE on behalf of JENNIFER ROE, and JESSE DOE have suffered damages, and the defendants should be required to compensate them for those damages. These damages include, without limitation:

a.  Nominal damages;

b.  Special/compensatory damages occasioned by seeking mental health and social services;

c.  General damages for, *inter alia*, mental anguish; and

d.  Other elements of damages to be proven at trial.

88.

EBRSB, NARCISSE, STERLING, 29:11, BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN are liable to JANE ROE, JANE DOE, JANE ROE on behalf of JENNIFER ROE, and JESSE DOE for these damages and should be cast in judgment accordingly.

89.

Further, EBRSB, NARCISSE, BELLUE, LANUS, GAUDET, HOWARD, COLLINS, WARE-JACKSON, DYASON, BERNARD, and TATMAN are liable to JANE ROE, JANE DOE, JENNIFER ROE, and JESSE DOE for these damages because the "Day of Hope" event, which was supported and presented by these defendants since at least 2016, represents an official custom of these defendants depriving students of their constitutional rights as described herein.

REQUESTED RELIEF
PERMANENT INJUNCTION

90.

Plaintiffs reallege the averments of paragraphs 1 through 89 as if stated herein *in extenso*.

91.

Upon information and belief, EBRSB, NARCISSE, BELLUE, LANUS, GAUDET, POWELL, STEWARD, LEWIS, RUST, KENNISON, and MARTIN continue and intend to continue violating the rights of students in the East Baton Rouge Parish School System through continued partnerships with 29:11 and STERLING and by providing other programming and events that violate the rights described herein. This represents a continuing violation of the rights described herein.

92.

Plaintiffs request this Court enter a permanent injunction against EBRSB, NARCISSE, BELLUE, LANUS, GAUDET, POWELL, STEWARD, LEWIS, RUST, KENNISON, and MARTIN enjoining them from presenting, supporting, funding, facilitating, or promoting another "Day of Hope" event and enjoining them from further agreements with 29:11 or STERLING for programming of any kind.

REQUESTED RELIEF
DECLARATORY JUDGMENT
28 U.S.C. § 2201

93.

Plaintiffs reallege the averments of paragraphs 1 through 92 as if stated herein *in extenso*.

94.

Plaintiffs further request this Court enter a declaratory judgment declaring that the defendants have violated the plaintiffs' civil and other rights in the ways and manners described above.

REQUESTED RELIEF
DEMAND FOR ATTORNEY'S FEES
42 U.S.C. § 1988

95.

Plaintiffs reallege the averments of paragraphs 1 through 94 as if stated herein *in extenso*.

96.

Plaintiffs further request this Court award them attorney's fees pursuant to 42 U.S.C. § 1988 for the defendants' violation of the plaintiffs' civil rights as described above.

**WHEREFORE**, premises considered, Plaintiffs, JANE ROE individually and on behalf of her minor child JENNIFER ROE, JANE DOE, and JESSE DOE, pray for judgment in their favor and against Defendants, EAST BATON ROUGE PARISH SCHOOL BOARD; SITO NARCISSE, in his personal and official capacities; MARK BELLUE, DADRIUS LANUS, and MICHAEL GAUDET, in their personal and official capacities; TRAMELLE HOWARD, DAWN COLLINS, EVELYN WARE-JACKSON, JILL DYASON, CONNIE BERNARD, and DAVID TATMAN, in their personal capacities only; CARLA POWELL, SHASHONNIE STEWARD, CLIFF LEWIS, NATHAN RUST, KATIE KENNISON, and PATRICK MARTIN, in their official capacities only; 29 11 ACADEMY; and  TREMAINE STERLING in such amounts as are reasonable within the premises, for the injunctive and declaratory relief prayed for, and for all other equitable relief, and, in addition, for whatever penalties, attorney's fees, and costs as allowed by law, together with judicial interest thereon from date of judicial demand until paid.

Respectfully Submitted:

_____

EVAN J. BERGERON (#33725), T.A.
SAMUEL H. WINSTON (#34821)
JEIGH L. BRITTON (#39820)
**Winston Bergeron, LLP**
8120 Oak Street
New Orleans, LA 70118
Telephone: 504-577-2500
Facsimile: 504-577-2562
evan@winstonbergeron.com
sam@winstonbergeron.com
jeigh@winstonbergeron.com

*Counsel for Plaintiffs,*
*Jane Roe, Jane Doe, Jennifer Roe, and Jesse*
*Doe*